**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**UNITED STATES OF AMERICA,**

      v.                                                **CRIMINAL NO.   13-cr-10164-WGY-13**

**JOHN KINNEY**
        **Defendant(s).**

**AMENDED PROCEDURAL ORDER**
**RE:  SENTENCING HEARING (In the light of U.S. v.Booker.)**

**YOUNG, D.J.**

A plea of guilty or nolo contendere, or a verdict of guilty, having been entered on April 14, 2014, under the Sentencing Reform Act of 1984, it is hereby **ORDERED**:

**Pre-sentence Investigation**

1. a) The United States Probation Office shall commence immediately the pre-sentence investigation unless as provided in Fed. R. Crim. Pro. Rule 32(i), the court finds under Rule 32 (c) (1)(A) and (B) that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553 and the court explains this finding on the record.

    b) The Probation Office shall prepare pre-sentence investigation reports in the order in which the requests from the court are received.

**Statement of Relevant Facts**

2. Not later than seven days after the plea or verdict (or on 4/21/2014), the attorney for the government shall provide to the United States Probation Office a statement of relevant facts and any other documents pertinent under Federal Rules of Criminal Procedure 32 (d)  and shall simultaneously serve on counsel for the defendant a copy of everything provided to the Probation Office.

**Submission of Information Regarding Identifiable Victims (if applicable)**

3. Not later than seven days after the plea or verdict (or on 4/21/2014), the attorney for the government shall provide to the United States Probation Office a written statement setting forth the names of the victims, their contact information/addresses, and the amount of loss sustained by each victim/restitution owed to each victim pursuant to the Federal Rules of Criminal Procedure, Rule 32(c)(1)(B).

**Interview of Defendant**

4.  The Probation Office shall provide a reasonable opportunity for defense counsel to attend any interview of the defendant conducted by a probation officer during the pre-sentence investigation.

    a)  If the case is resolved by a plea, and the Probation Office has timely notification of the plea, it shall hold an interview with the defendant on the day of the plea. If an interview cannot be held on the day of the plea, the Probation Office shall schedule an interview to be held within seven days after the plea or within such additional time as the court may order.

    b)  If the case is resolved by a verdict, the Probation Office shall schedule an interview with the defendant to be held within seven days after the verdict or within such additional period of time as the court may order.

    c)  If the defendant is in custody, the United States Marshal shall, at the request of the Probation Office, bring the defendant to the courthouse for an interview at the earliest feasible time.

**Pretrial Services Responsibility**

5.  Pretrial Services shall provide to the Probation Office all documents in the possession of Pretrial Services that may be relevant to the pre-sentence investigation, including a copy of the Pretrial Report, the defendant's state, local, and national criminal record, police reports, copies of convictions, drug test results, reports of incidents, and other reports and supporting documents.

**Date of Sentencing**

6.  The sentencing hearing (and sentencing) is scheduled to occur at 2:00 p.m. on July 22, 2014, in courtroom 18 on the 5th floor. This date is to be not sooner than twelve weeks after the date of the plea/verdict, in order to permit the following:

    a)  Probation Office shall have **seven weeks** after the date of plea/verdict for the preparation and disclosure of the initial report.

    b)  Probation Office shall disclose the initial report to defense counsel and government counsel **no less than five weeks before the** sentencing hearing, unless the defendant expressly waives the minimum five week pre-sentencing notification period.

    c)  The date when disclosure has been effected to each attorney is the date of the mailing of a copy to that attorney. An attorney may, in lieu of receiving disclosure by mail, make arrangements with the Probation Office to pick up the report no later than 3:00 p.m. on the date disclosure is due. It is the responsibility of the defense counsel to disclose the pre-sentence report to the defendant and to discuss it with and explain it to the defendant.

**Objections Procedure**

7. **Within fourteen days after disclosure of the report**, attorneys for the government and the defendant shall advise the probation officer and each other in writing, of any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, or policy statements contained in or omitted from the report.

8. The probation officer shall conduct any further investigation and make any revisions to the pre-sentence report that may be necessary. The probation officer may require counsel for both parties to confer with the probation officer to identify and attempt to resolve any factual or legal disputes which may require hearing by the court.

**Final Pre-sentence Report**

9. **Not later than   7/15/2014   (which is a date not less than seven days before the sentencing hearing)**, the probation officer shall submit to the court and disclose to the attorneys the final pre-sentence report, including any addendum, setting forth the unresolved objections, the grounds for these objections and the probation officer's comments on the objections. The probation officer shall certify that the contents of the report, including any revisions, and the addendum have been disclosed to the defendant and to counsel for the defendant and the government, and that the addendum fairly states any remaining unresolved objections. Except with regard to any unresolved objections, the report of the pre-sentence investigation may be accepted by the court as accurate. The court, however, for good cause shown, may allow a new objection to the pre-sentence report to be raised at any time before the imposition of sentence.

**Hearing and Counsel's obligations**

10. The Court is to hold a sentencing hearing to resolve any disputed issues.

    a) Obligations of Counsel:   Not less than five days before the sentencing hearing [or such other time as set by the court]

    (1) **Notice:**   Counsel are to advise the Court:

        (a) whether either party will move for a departure from the applicable guideline range or will move for a non guideline sentence;

        (b) whether apart from (a), there are legal questions not adequately addressed in the presentence report or not addressed at all;

        (c) whether there are factual issues which the party contend require an evidentiary hearing.

    (2) **Memorandum:**   Counsel submit a memorandum outlining the legal and factual issues implicated in (1) above. Counsel are also urged to draft memoranda in the form of proposed findings of fact and conclusions of law relevant to the issues described above.

      (3)    **Service on Probation:** A copy of the memorandum and any submissions addressing sentencing issues submitted by counsel must also be provided to the probation officer five days in advance of the sentencing hearing.

11. The schedule set forth in this Order may be modified by the Court for good cause shown.

12. Disclosure of the pre-sentence report is made under the provisions of Rule 32, Fed. R. Crim. Pro., except that the Probation Office shall not disclose any recommendation it made to the court as to sentence. Any such recommendation made to the court by the Probation Office must not contain factual information not already disclosed to both counsel and to the defendant.

 April 15, 2014                                       /s/ William G. Young
DATE                                                     UNITED STATES DISTRICT JUDGE

cc:    Counsel
       Probation Office
       Pretrial Services

ProcOrderSentencingRev1-4-08.wpd